# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-7555 PA (JCx) | Date | December 8, 2010 |
|---|---|---|---|
| Title | Celia Ceron de Hernandez v. Target Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                       None

**Proceedings:**          IN CHAMBERS - ORDER TO SHOW CAUSE

Before the Court is a Notice of Removal filed by defendant Target Corporation ("Defendant"). (Docket No. 1.)  Defendant asserts that subject matter jurisdiction exists based on diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).  However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Federal diversity jurisdiction requires that all parties to the action be citizens of different states. The party asserting diversity jurisdiction bears the burden of proof.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  To invoke this Court's diversity jurisdiction, the complaint must allege complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963).  "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state."  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Here, Defendant contends that diversity jurisdiction exists because there is diversity of citizenship between it and Plaintiff Celia Ceron de Hernandez.  However, Defendant does not make any allegations regarding the citizenship of defendant Martha Tashjian.  Contrary to Defendant's apparent position that defendant Tashjian's citizenship should be disregarded because she was not served at the time of removal, diversity jurisdiction depends upon the citizenship of the parties named, not whether they have been served.  See Pullman Co. v. Jenkins, 305 U.S. 534, 541, 59 S. Ct. 347, 83 L. Ed. 334

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7555 PA (JCx) | Date | December 8, 2010 |
|---|---|---|---|
| Title | Celia Ceron de Hernandez v. Target Corp., et al. | | |

(1939).  As such, the Court orders Defendant to show cause in writing why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction.  Defendant's response to this order to show cause shall be filed by December 15, 2010.  Failure to respond by that date may result in the dismissal of this action without prejudice and without further warning from the Court.

IT IS SO ORDERED.